**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1560-23

SANTANDER BANK, N.A.,
f/k/a SOVEREIGN BANK,

    Plaintiff-Respondent,

v.

CIMPLE SYSTEMS, INC.,

    Defendant,

and

ARTHUR ARDOLINO,

    Defendant-Appellant.

_____

Argued November 7, 2024 – Decided November 21, 2024

Before Judges Mawla and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0470-15.

Arthur Ardolino, appellant, argued the cause pro se.

Thomas B. O'Connell argued the cause for respondent (Saldutti Law Group, attorneys; Thomas B. O'Connell, of counsel and on the brief).

PER CURIAM

Defendant Arthur Ardolino appeals from the October 19, 2023 order denying his motion to vacate default judgment and December 1, 2023 order denying reconsideration.[1] Based on our review of the record and the applicable principles of law, we affirm.

In 2003, Cimple entered into a line of credit loan obligation with plaintiff's predecessor, Sovereign Bank, by which it agreed to advance Cimple up to $100,000 (the loan obligation). Ardolino is the president of Cimple and executed an unconditional personal guarantee of payment to secure the loan obligation.

In February 2014, plaintiff notified defendants that they failed to comply with certain conditions of the loan obligation. Plaintiff advised defendants that it would not permit further advances under the loan obligation and demanded repayment of the principal balance by specified monthly payments through June 6, 2018. Plaintiff alleges defendants failed to make the required payments. On

---

[1] Defendant Cimple Systems, Inc. (Cimple) filed a notice of appeal, but its appeal was dismissed because it was not represented by counsel as required by Rule 1:21-1(c). Ardolino therefore is the sole appellant.

September 2, 2014, plaintiff declared the loan obligation in default and demanded payment of all sums due and owing. Plaintiff alleges defendants ignored its demand for repayment. On February 5, 2015, plaintiff filed its complaint in this action seeking repayment of $101,415.01, plus interest.

Plaintiff contends, based on two affidavits of service completed by its process server, defendants were personally served with the summons and complaint on February 13, 2015. One affidavit identifies Ardolino as the person to be served and lists his address as 1406 Barclay Boulevard, Princeton. There is no dispute that was Ardolino's home address at the time. The affidavit states Ardolino was successfully served by delivering the documents to him personally at 2:35 p.m. The affidavit describes the person served as a white male, sixty-five years of age, five feet seven inches tall, 185 pounds, with grey hair. Ardolino disputes he was 185 pounds in 2015. He concedes the remainder of the description is accurate but contends the information could have been obtained from public sources.

Another affidavit identifies Cimple as the person to be served and lists its address as 116 Village Boulevard, Princeton. Ardolino contends this was a virtual office address Cimple used until April 2014, and Cimple did not have a physical office address in February 2015. The affidavit states Cimple was

3

served at 2:35 p.m. by leaving "a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc." and identifies Ardolino as the person served. It contains the same description of Ardolino. There is no dispute Ardolino is a corporate officer of Cimple, and a person authorized to accept service.

Defendants did not respond to the complaint. On March 23, 2015, plaintiff filed a request to enter default and delivered a copy to defendants by certified and regular mail addressed only to 116 Village Boulevard, Princeton. On April 29, plaintiff filed a motion for the entry of default judgment and delivered a copy to defendants by regular mail addressed to 116 Village Boulevard, Princeton. Ardolino denies receiving these filings. On May 4, the court entered final judgment by default.

On May 14, plaintiff served information subpoenas by regular and certified mail addressed to Ardolino's home address. Defendants did not respond to the subpoenas. On July 7, plaintiff filed a motion to enforce litigant's rights and served the motion on defendants by regular and certified mail to Ardolino's home address. According to counsel's certification in support of the motion, "[t]he certified green card [for the information subpoenas] came back signed for both defendants."

4

On July 15, the court entered an order compelling Ardolino to appear for a post-judgment asset deposition. On July 17, that order was delivered by certified mail to defendants at Ardolino's home address. Ardolino admits he received the July 7 and July 17 letters but contends he did not open them.[2] Various other motions and orders were served on defendants at Ardolino's home address throughout 2015 and 2016, many of which Ardolino admits he received.

In September 2016, Ardolino moved to his current residence at 14 Galley Way, Little Egg Harbor. Ardolino contends this property was acquired by his son in 2016. Plaintiff thereafter began serving documents on defendants at the Little Egg Harbor address. Ardolino admits he received letters from plaintiff at that address beginning in November 2016.

On June 1, 2020, the court entered an order compelling Ardolino to appear for a deposition concerning defendants' property and assets. On June 16, plaintiff served that order by regular mail to Ardolino's Little Egg Harbor address. On June 25, Ardolino acknowledged receipt of the order and requested an extension to permit him to retain counsel. On July 18, Ardolino provided a

---

[2] On November 14, 2024, following oral argument, Ardolino filed a motion to supplement his oral argument in which he admits he received numerous pieces of regular and certified mail from plaintiff between May 14, 2015, and June 17, 2020. Ardolino contends he did not open them.

5

written response to the June 1 order. Ardolino did not assert defendants were unaware of the judgment against them.

On July 31, plaintiff wrote to Ardolino to schedule the asset deposition. On August 6, Ardolino responded that he "complied with the [June 1 order] providing all the documents required. The only thing left is for [his] deposition scheduled for August 20 . . . ." Ardolino requested he be permitted to answer written questions because of the Covid-19 pandemic, his age, and poor health. He offered to "answer said questions fully and honestly to the best of [his] knowledge and belief in a written and signed notarized affidavit." Again, Ardolino did not assert defendants were unaware of the judgment against them.

In April 2023, plaintiff served a subpoena on Ardolino and his wife seeking post-judgment discovery. Ardolino retained counsel to file a motion to quash the subpoena served on his wife. In a certification filed in support of that motion, Ardolino stated he "[did] not recall being served with the [j]udgment" in 2015. He did not deny being served with the summons and complaint and agreed to provide appropriate post-judgment discovery on behalf of himself and Cimple. On August 25, the court granted Ardolino's counsel's motion to withdraw. On September 29, the court denied the motion to quash and enforced the subpoena served on Ardolino's wife.

A-1560-23

On September 15, 2023, Ardolino obtained certain documents from the court, including the affidavits of service filed in 2015. On September 18, 2023, he filed a motion to vacate final judgment "because [the] affidavits of service are defective." Specifically, he argued it would not have been possible to serve him and Cimple at the same time at two separate locations.

On October 19, 2023, after hearing oral argument, the court entered an order denying the motion supported by an oral opinion. The court found Ardolino was aware of the judgment at least as early as "June [] 2020, and it was[ not] until three years later that [he] filed this motion." The court also found "there was a certain amount of . . . activity between 2015 and 2020" and the court "would have to . . . say that all these things . . . would have put the judgment debtor on . . . notice of the default judgment, [but] none of it somehow reached [Ardolino's] attention and that is kind of farfetched . . . ." The court denied the motion on the "narrow" ground that "the motion was about three years too late" because the "the information that t[he] motion [was] essentially based on was available three years ago. . . . [B]ut it[] [had] been eight years since the original default judgment was entered."

Ardolino moved for reconsideration and requested the court conduct an evidentiary hearing. In a certification filed in support of that motion, Ardolino

A-1560-23

contended he "did not receive the [c]omplaint and [he] did not receive the [s]ummons . . . because [they] [were] not properly served."  He argued, "[t]he fact that it is physically impossible for both defendants to be served on the [s]ame [d]ay and at the [s]ame [t]ime at two different locations miles and minutes [apart] raises doubt about the credibility of the [p]rocess [s]erver and the validity of both [a]ffidavits of [s]ervice."

On December 1, 2023, the court entered an order denying the motion without hearing oral argument and placed oral findings on the record on November 28, and 30, 2023.  The court denied Ardolino's request for oral argument "because there[ has] already been extensive oral argument" and denied the motion because it "covered all this ground before."  The court rejected his claim that the affidavits of service are defective, finding "there[ is] no question . . . Ardolino was served" and "he has never plausibly or credibly contended that he . . . was[ not] served."

On appeal, Ardolino argues:  (1) the trial court erred in denying the motion to vacate default judgment; (2) breach of duty by plaintiff's attorney; and (3) the

A-1560-23

trial court abused its discretion by denying the request for an evidentiary hearing.[3]

We review an order granting or denying a motion to vacate a default judgment for abuse of discretion and accord it "'substantial deference.'" Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012) (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)). An abuse of discretion arises "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n, 209 N.J. at 467 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)). We review a decision on a motion for reconsideration for an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021).

Rule 4:50-1 provides six grounds for vacating a final judgment.[4] Generally, courts should grant relief under Rule 4:50-1 "'sparingly [and only] in

---

[3] Ardolino's contention that plaintiff's counsel breached a duty owed to him was not raised before the trial court. We decline to consider that argument because it was raised for the first time on appeal. Nieder v. Royal Indem. Ins., 62 N.J. 229, 234 (1973).

[4] To establish a Rule 4:50-1 claim, a litigant must allege at least one of these six grounds for vacating a final judgment: "(a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence[;] . . . (c) fraud[,] . . .

exceptional situations.'" Badalamenti v. Simpkiss, 422 N.J. Super. 86, 103 (App. Div. 2011) (alteration in original) (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 289 (1994)). A defendant seeking to have a default judgment set aside must show their failure to respond was due to excusable neglect and they have a meritorious defense. Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 293 (App. Div. 2021). Relief under Rule 4:50-1 must "'reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'" LVNV Funding, LLC v. Deangelo, 464 N.J. Super. 103, 109 (App. Div. 2020) (quoting Manning Eng'g, Inc. v. Hudson Cnty. Park Comm'n, 74 N.J. 113, 120 (1977)).

A defendant may be barred from seeking to set aside a default judgment based on the equitable doctrine of laches. We review a trial court's decision to invoke the doctrine of laches for an abuse of discretion. Sears Mortg. Corp. v. Rose, 134 N.J. 326, 354 (1993). In Wohlegmuth v. 560 Ocean Club, 302 N.J. Super. 306, 314 (App. Div. 1997), we concluded:

> Defendant's silence concerning the question of
> service . . . might well estop [it] from raising it years

misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged . . . ; or (f) any other reason justifying relief . . . ."

later. . . Similarly, defendant[s] may also be guilty of laches in not revealing this potential defense. "Laches is a defense when there is delay, unexplained and inexcusable, in enforcing a known right, and prejudice has resulted to the other party because of that delay."

[(Quoting Gladden v. Pub. Emps.' Ret. Sys. Tr. Bd., 171 N.J. Super. 363, 370-71 (App. Div. 1979))].

Whether to apply laches "'depends upon the facts of the particular case and is a matter within the sound discretion of the trial court.'" Mancini v. Twp. of Teaneck, 179 N.J. 425, 436 (2004) (quoting Garrett v. Gen. Motors Corp., 844 F.2d 559, 562 (8th Cir. 1988)). "The core equitable concern in applying laches is whether a[n opposing] party has been [unfairly] harmed by the delay." Knorr v. Smeal, 178 N.J. 169, 181 (2003). The period of laches should be computed by considering the earliest moment in time when the right to the relief being sought could have been asserted. Flammia v. Maller, 66 N.J. Super. 440, 453 (App. Div. 1961).

We are satisfied the court appropriately exercised its discretion to deny the motion to vacate default judgment. The record indicates defendants were served with several documents related to post-judgment discovery, including subpoenas, orders, and motions, as early as 2015, and it is undisputed Ardolino was aware of the judgment in June 2020. He waited until September 2023, more than three years later, to file his motion to vacate the judgment.

11

As the court correctly found, if Ardolino was never served with the complaint, he had all of the information he needed to move to vacate default judgment no later than June 2020. Instead, between June 2020, and September 2023, he repeatedly communicated his willingness to provide post-judgment discovery and never contended he was not properly served with the complaint. Moreover, plaintiff would be unfairly harmed by the delay because Ardolino waited until long after the applicable six-year statute of limitations expired to file his motion.[5] Based on the facts and circumstances of this case, the court correctly denied the motion based on the doctrine of laches and because Ardolino did not establish excusable neglect for the delay in filing.

We also conclude the court correctly rejected Ardolino's claim that the affidavits of service are defective and denied his request for an evidentiary hearing. Ardolino's argument is premised on the factually incorrect contention that the affidavit of service for Cimple states it was served by leaving a copy of the summons and complaint with an unnamed individual at Cimple's former office address. In fact, the affidavit states the summons and complaint were served on Ardolino in his role as a corporate officer. In other words, Cimple

---

[5] N.J.S.A. 2A:14-1.

and Ardolino were served simultaneously by delivering the summons and complaint personally to Ardolino in his personal capacity and as an officer of Cimple.[6] Ardolino's claim that the affidavits state he and Cimple were served at separate locations at the same time lacks merit.

We are also satisfied the court appropriately exercised its discretion in denying the motion for reconsideration without oral argument. As the court found, the motion was simply an attempt to reargue the motion to vacate default judgment. Where it is apparent on the face of a motion for reconsideration that the motion lacks merit, the court need not conduct oral argument. See Raspantini v. Arocho, 364 N.J. Super. 528, 532 (App. Div. 2003).

To the extent we have not otherwise addressed Ardolino's arguments, they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[6] Pursuant to Rule 4:4-4(a)(6), service "shall be made . . . [u]pon a corporation, by serving a copy of the summons and complaint [personally] . . . on any officer, director, trustee or managing or general agent."